IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JOHN BRIAN SHERMAN COLLINS JR., )
 )
   Plaintiff, )
 )
 v. ) C.A. No. 25-195-JLH-EGT
 )
BRIAN EMIG et al., )
 )
   Defendants. )

**REPORT AND RECOMMENDATION**

Plaintiff John Brian Sherman Collins, Jr., an inmate at James T. Vaughn Correctional Center ("JTVCC"), filed this action pursuant to 42 U.S.C. § 1983. (D.I. 2). Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5). The original Complaint and Amended Complaint were screened by Judge Hall, who dismissed both for failure to state a claim, but with leave to amend each time. (D.I. 15, 17 & 19). Having now granted Plaintiff's second motion to amend his complaint (D.I. 20 & 24), the Court proceeds to screen the Second Amended Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a). For the reasons set forth below, the Court recommends that the Second Amended Complaint be DISMISSED WITH PREJUDICE.

I. **BACKGROUND**

Judge Hall previously set forth the facts of the case in a prior screening order. (D.I. 19 at 1-3). Those facts remain largely unchanged in the Second Amended Complaint. On December 24, 2024, Plaintiff slipped and fell on icy concrete while walking outside JVTCC on a slanted hill, resulting in injuries to his knee and face. (D.I. 25 at 2-3). Plaintiff alleges that JTVCC personnel did not salt the icy concrete or put up signs warning of danger. (*Id.*). Plaintiff also complains about the medical care he received after his fall. After the fall, Defendant Nurse Kathy Sadler examined Plaintiff, wrapped his knee, told him to put ice on it and gave him Motrin. (*Id.* at 3).

According to Plaintiff, this treatment was inadequate because no X-ray was ordered, despite visible discoloration and "extreme swelling," and because Plaintiff's "pain was not adequately treated or checked." (*Id.*). Two days later, Plaintiff was seen by Defendant Nurse Laura Brackett, who called Defendant Dr. Toffa Amegbo to examine Plaintiff. (*Id.*). Plaintiff alleges that Dr. Amegbo examined him but that "no extra treatment was administered at that time or diagnostic imagery performed." (*Id.* at 4). An X-ray was eventually performed thirty days later but Plaintiff does not indicate what the results were; and Plaintiff did receive physical therapy but he asserts that Dr. Amegbo waited too long to order it. (*Id.* at 7). In the Second Amended Complaint, Plaintiff now alleges that his placement in the Security Housing Unit ("SHU") hindered his access to physical therapy and limited his range of mobility. (*Id.* at 5 & 7-8).

Plaintiff names Warden Brian Emig, Vital Core Health Strategies, Nurse Kathy Sadler, Nurse Laura Brockett, Dr. Toffa Amegbo, Mental Health Director Eric Lowrey and John and Jane Does as Defendants. (D.I. 25 at 1-2). Plaintiff asserts against all Defendants a claim of deliberate indifference to a serious medical need under the Eighth Amendment. (*Id.* at 6). Plaintiff also asserts a claim of retaliation and appears to be asserting a breach of contract claim against Defendants Amegbo, Sadler and Brackett. (*Id.* at 4 & 7).

## II.    LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and view them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his

2

pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario.'" *Id.*

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). Before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of § 1915, however, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give

3

rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" entitlement to relief. *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)). Determining whether a claim is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## III.    DISCUSSION

In his Second Amended Complaint, Plaintiff continues to assert deliberate indifference claims in connection with his slip-and-fall accident and subsequent medical care. Plaintiff must show that he faced a sufficiently serious risk to his health or safety and that Defendants acted with deliberate indifference to his health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To demonstrate that a prison official was deliberately indifferent, a plaintiff must plausibly allege that prison officials knew of and "reckless[ly] disregarded a substantial risk of serious harm." *Stuart v. Pierce*, 587 F. Supp. 3d 127, 137 (D. Del. 2022) (Restrepo, J., sitting by designation) (alteration in original). "[M]ere negligence" is not enough. *Farmer*, 511 U.S. at 835 (1994).

### A.    Warden Brian Emig

Plaintiff alleges that the Warden "showed deliberate indifference by not ordering salt, sand, cinders or signs to be placed around the facility to prevent harm." (D.I. 25 at 6). Yet Plaintiff does not plausibly allege a sufficiently serious risk of serious harm. Although Plaintiff believes that more should have been done to keep the prison sidewalk safe, courts have found that similar slip-and-fall accidents do not violate the Eighth or Fourteenth Amendments. *See Smith v. Brown*, C.A. No. 12-328, 2012 WL 5392154, at *2 (N.D. Ga. Sept. 25, 2012) (collecting cases); *see also Hankins v. Beard*, No. 07-332, 2009 WL 5821032, at *9-10 (W.D. Pa. Nov. 30, 2009) (dismissing claim that inmate fell on ice because "[a] 'slip and fall,' without more, does not amount to cruel

and unusual punishment"); *White v. Tyszkiewicz*, 27 F. App'x 314 (6th Cir. 2001) (dismissing the complaint of an inmate who slipped and fell on some ice, as having not asserted a cognizable constitutional claim). Additionally, the Second Amended Complaint contains no plausible allegations that Warden Emig had personal involvement in the complained-of events. Plaintiff alleges only that the Warden "is responsible for the operation of the facility at all times." (D.I. 25 at 6). That is insufficient to impose liability under § 1983. *See Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). The Court thus recommends that the deliberate indifference claim against Warden Emig in the Second Amended Complaint be dismissed pursuant to §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

### B.    Medical Personnel

Plaintiff objects to the adequacy of the treatment provided by Defendants Sadler, Brockett and Amegbo in the two days following his fall, but Plaintiff did receive medical treatment after his fall. And the Second Amended Complaint is devoid of facts to plausibly suggest that, in doing so, any Defendant acted with deliberate indifference to Plaintiff's serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also White v. Napoleon*, 897 F.2d 103, 110 (3d Cir. 1990) ("[M]ere disagreements over medical judgment do not state Eighth Amendment claims.").

As to Nurse Sadler, Plaintiff objects to the length of time that passed before he was examined by her (thirty minutes), but he acknowledges his knee was wrapped, he was given Motrin and he was told to ice his knee. (D.I. 25 at 3). Although Plaintiff complains that he was not sent for an immediate X-ray, there is no allegation (or reasonable inference) that Nurse Sadler intended to punish Plaintiff with this handling. The deliberate indifference standard is high, requiring more

than "allegations of malpractice" or a "disagreement as to the proper medical treatment." *Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 346 (3d Cir. 1987).

As to Nurse Brockett and Dr. Amegbo, Plaintiff's allegations are likewise deficient. Plaintiff alleges Nurse Brockett saw him first, who then called Dr. Amegbo, who then examined Plaintiff but chose to forego extra treatment and testing at that time. (D.I. 25 at 3-4). But Plaintiff acknowledges that an X-ray was eventually performed sometime within thirty days of his fall. (*Id.* at 7). Although Plaintiff claims that he has ongoing pain and permanent loss of range of motion in his knee, he again acknowledges that physical therapy was eventually provided at the direction of Dr. Amegbo six months after Plaintiff's fall. (*Id.*). The alleged conduct is at worst negligent, and negligence does not rise to the level of constitutionally actionable deliberate indifference. *See Lanzaro*, 834 F.2d at 346.

The Court recommends that the deliberate indifference claims against Defendants Sadler, Brockett and Amegbo in the Second Amended Complaint be dismissed pursuant to §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

### C.    Plaintiff's Placement in the SHU

In his Second Amended Complaint, Plaintiff adds new details to his previous allegations about being placed in the SHU as retaliation for seeking medical care – he now alleges that he has "little room to walk in his cell which has hindered his range of mobility in his knee," is being housed on a top bunk and is "almost never" called to see the physical therapist. (D.I. 25 at 5-6; *see also* D.I. 18 at 7-8 (in prior Amended Complaint, Plaintiff alleging that he was placed in SHU by Emig and Eric Lowrey)). Plaintiff claims that this conduct constitutes deliberate indifference to his serious medical needs. (D.I. 25 at 5-6 & 7-8). Plaintiff also continues to press this SHU-

confinement claim as one of retaliation. (*Id.* at 4-5). Whether deliberate indifference or retaliation, Plaintiff still fails to state a claim.

As to deliberate indifference, a prisoner may sustain an Eighth Amendment claim against prison officials "where knowledge of the need for medical care is accompanied by the intentional refusal to provide that care" by alleging specific acts or omissions on the part of those officials. *Islaam v. Kubicki*, 838 F. App'x 657, 660-61 (3d Cir. 2020) (citing *Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004)). But here, Plaintiff has not set forth plausible allegations that any named Defendant was personally involved in the denial of Plaintiff's medical care when he was in the SHU. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (noting that "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs"). Plaintiff only states that Defendant Vital Core Health Strategies is under contract to provide medical care and that Defendant Eric Lowrey, the director of Mental Health at JTVCC, "failed to object" to Plaintiff being placed in the SHU. (D.I. at 5 & 7-8). There is no plausible allegation that either Defendant placed Plaintiff in substantial risk of serious harm or intended to punish Plaintiff – or that they played any role in denying any medical care to Plaintiff. Plaintiff also does not plead facts to plausibly suggest that any John or Jane Doe defendants had knowledge of and ignored his medical needs while he was in the SHU.[1] In the absence of such factual allegations, Plaintiff's Second Amended complaint fails to state a deliberate indifference claim under the Eighth Amendment.

As to Plaintiff's claim that he was placed in the SHU as retaliation for seeking medical care, Judge Hall previously dismissed that claim because Plaintiff had not alleged facts plausibly suggesting that any of the named Defendants had the requisite personal involvement. (*See* D.I. 19

---

[1]   At most, Plaintiff has alleged that he was denied medical treatment already approved (*e.g.*, physical therapy) while in SHU. Yet, as explained above, Plaintiff has failed to connect these claims to the actions of any defendant.

(citing *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 289-90 (3d Cir. 2018))). The Second Amended Complaint suffers from the same infirmity. Nowhere does Plaintiff allege who placed him in the SHU and how that individual had knowledge of Plaintiff's slip-and-fall care – or Plaintiff's repeated attempts to obtain more care. *See Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003) (a prisoner asserting retaliation must show (1) constitutionally protected conduct, (2) adverse action by prison officials that would deter an ordinary person from exercising their constitutional rights and (3) a causal link between the two). At best, Plaintiff alleges that Defendant Lowrey "failed to object" to Plaintiff being placed in the SHU. But that is not enough. Plaintiff still has not plausibly alleged that any of the named Defendants placed Plaintiff in the SHU as retaliation for seeking medical care. Plaintiff has again failed to state a retaliation claim.

The Court thus recommends that the deliberate indifference and retaliation claims related to Plaintiff's SHU confinement in the Second Amended Complaint be dismissed pursuant to §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

### D.    Remaining Claims

Plaintiff apparently attempts to assert a breach of contract claim against certain Defendants involved in his medical care. (D.I. 25 at 7 ("Collins asserts a separate claim of breech [sic] of contract on Amegbo, Sadler and Brackett.")). Yet Plaintiff does not identify any contract that was allegedly breached, who the contracting parties were or what conduct constituted the breach. And to the extent the contract was between other parties, Plaintiff fails to plausibly allege why he has standing to sue for any alleged breach. Plaintiff's breach of contract claims must fail.

\*    \*    \*

Having found that each of Plaintiff's claims should be dismissed, the Court recommends that the Second Amended Complaint be dismissed in its entirety pursuant to §§ 1915(e)(2)(B)(ii)

8

and 1915A(b)(1).  Plaintiff has now been granted three opportunities to state his claim (D.I. 2, 18 & 20), but he has consistently failed to do so.  Because any further amendment would be futile, dismissal should be with prejudice.

## IV.   CONCLUSION

For the foregoing reasons, the Court recommends that the Second Amended Complaint (D.I. 25) be DISMISSED WITH PREJUDICE.

Plaintiff may file objections to this Report and Recommendation within fourteen (14) days after being served with a copy of the Report and Recommendation.  *See* FED. R. CIV. P. 72(a); *see also* FED. R. CIV. P. 6(d).  Objections are limited to ten (10) pages.  The failure of a party to object may result in the loss of the right to review in the district court and the loss of certain appellate rights.  *See Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987); *Equal Emp. Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99-100 (3d Cir. 2017).

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b)(1) and District of Delaware Local Rule 72.1.  Parties are directed to the court's "Standing Order for Objections Filed Under Fed. R. Civ. P. 72," dated March 7, 2022, a copy of which is available on the court's website, https://www.ded.uscourts.gov.

Dated:  May 28, 2026

_____
UNITED STATES MAGISTRATE JUDGE